## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| GARNET DIGITAL, LLC, *Plaintiff*, | § § § § § § | |
| v. | § | Case No. 6:13-cv-00656-LED |
| TIVO INC., *Defendant*. | § § § § § § § § § § § | **JURY TRIAL DEMANDED** |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
## OF DEFENDANT, TIVO, INC.

Defendant, TiVo, Inc. ("TiVo"), by and through its undersigned counsel, hereby files its Answer, Affirmative Defenses and Counterclaims to the Complaint filed by Plaintiff, Garnet Digital, LLC ("Garnet").

## PARTIES

1. TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1; therefore, they are denied.

2. Admitted.

1

## JURISDICTION AND VENUE

3. Admitted that Garnet attempts to style this action as one for patent infringement under the Patent Laws of the United States.

4. Admitted.

5. Admitted.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,379, 421

6. TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6; therefore, they are denied.

7. TiVo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7; therefore, they are denied.

8. Denied.

9. Denied.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, TiVo asserts the following affirmative defenses, without assuming the burden of proof when such a burden would otherwise be on Garnet. TiVo expressly reserves the right to amend its Answer as additional information becomes available and/or is otherwise discovered.

## FIRST AFFIRMATIVE DEFENSE

1. Garnet is barred from the relief it seeks because the asserted patent claim(s) are invalid for failure to comply with the requirements of the Patents Laws of the United States. The claim(s) lack novelty under 35 U.S.C. § 102, lack clarity under § 112, and/or are obvious to one skilled in the art under 35 U.S.C. § 103, and are thus invalid and unenforceable.

## SECOND AFFIRMATIVE DEFENSE

2. To the extent that any claim(s) of United States Patent No. 5,379, 421 (the "'421 patent") are valid and enforceable, TiVo does not and has not infringed any such claim(s).

## THIRD AFFIRMATIVE DEFENSE

3. Garnet is not entitled to damages with respect to products made, used, offered for sale, and/or sold by TiVo within the United States that are alleged to infringe any claims of the '421 patent to the extent that Garnet has not complied with the marking requirements of 35 U.S.C. § 287.

## FOURTH AFFIRMATIVE DEFENSE

4. The products and/or systems responsive to output signals from a telephone manufactured and sold by TiVo is a staple article and/or commodity of commerce suitable for substantial noninfringing uses, and thus does not infringe any valid claim of the '421 patent.

## FIFTH AFFIRMATIVE DEFENSE

5. To the extent that TiVo may be found to infringe one or more claims of '421 patent, Garnet is not entitled to permanent injunctive relief because: (1) it has not suffered irreparable injury; (2) there are adequate remedies available at law to compensate for any injuries; (3) an equitable remedy is not warranted considering the balance of hardships between Garnet and TiVo; and/or (4) the public interest would be disserved by a permanent injunction.

## SIXTH AFFIRMATIVE DEFENSE

6. Garnet's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to TiVo or are imported, sold by, offered for sale by, made by, or made for, any entity

or entities having an express or implied license to the '421 patents and/or (ii) under the doctrine of patent exhaustion.

WHEREFORE, TiVo denies that Garnet is entitled to any relief, as prayed for in the Complaint or otherwise and, accordingly, respectfully prays for entry of a judgment dismissing the Complaint with prejudice, and awarding TiVo its costs and attorneys' fees, and for other such and further relief as may be just and proper.

## COUNTERCLAIMS

Now comes Counterclaim Plaintiff TiVo, and for its counterclaims states as follows:

1. The counterclaims seek, inter alia, a judgment declaring the claims of the '421 patent, allegedly owned by Counterclaim Defendant Garnet, invalid, unenforceable and not infringed by Counterclaim Plaintiff TiVo.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the counterclaims pursuant to the Declaratory Judgment Act 28 U.S.C. § 2201 et. seq., under 28 U.S.C. § 1338(a), and under the Patent Laws of the United States, 35 U.S.C. § 1 et. seq. Venue is proper in this judicial district under the provisions of 28 U.S.C. § 1391(b) and § 1400.

## THE PARTIES

3. Upon information and belief, Counterclaim Defendant Garnet is a limited liability company formed under the laws of the State of Texas, with a principal place of business at 101 E. Park Blvd. - Suite 600 Plano, Texas 75074.

4. Counterclaim Plaintiff TiVo is a Delaware corporation with its principal place of business in Alviso, California.

## ACTS GIVING RISE TO THE COUNTERCLAIMS

5. On September 9, 2013, Counterclaim Defendant Garnet commenced a civil lawsuit in this judicial district (Case No. 6:13-cv-00656-LED) alleging that Counterclaim Plaintiff TiVo is infringing upon the claims of the '421 patent.

6. Counterclaim Defendant Garnet, by such action, has created an actual and justifiable case and controversy between Counterclaim Defendant Garnet and Counterclaim Plaintiff TiVo concerning whether the '421 patent is valid and/or enforceable, as well as whether Counterclaim Plaintiff TiVo is infringing upon any valid and/or enforceable claim(s) of the '421 patent.

7. Counterclaim Plaintiff TiVo manufactures and sells products and/or systems responsive to output signals from a telephone.

8. The products manufactured and sold by Counterclaim Plaintiff TiVo are a staple article and/or commodity of commerce suitable for substantial noninfringing uses.

9. Counterclaim Plaintiff TiVo has not and is not infringing any valid and/or enforceable claim of the '421 patent.

## COUNT I
## DECLARATORY JUDGMENT OF INVALIDITY OF
## UNITED STATES PATENT NO. 5,379, 421

10. Counterclaim Plaintiff TiVo incorporates by reference each and every allegation set forth in Paragraphs 1-9 of the counterclaims.

11. Upon information and belief some or all of the claims of the '421 patent are invalid, unenforceable and void for at least the following reasons:

    (a) lacking novelty under 35 U.S.C. § 102;

(b) the invention of the '421 patent would have been obvious to one skilled in the art at the time the invention was made under 35 U.S.C. § 103; and or

(c) the claims are vague and ambiguous and thus unenforceable under § 112.

## COUNT II
## DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT

12. Counterclaim Plaintiff TiVo incorporates by reference each and every allegation set forth in Paragraphs 1-9 of the counterclaims.

13. None of the products that Counterclaim Plaintiff TiVo has manufactured, used, sold or offered for sale, or is manufacturing, using, selling or offering for sale, infringe any of the claims of the '421 patent.

14. Any claim of the '421 patent that may be held to be valid and enforceable is so restricted in scope that Counterclaim Plaintiff TiVo has not and is not infringing such restricted claims.

15. This matter is an exceptional case and, pursuant to 35 U.S.C. § 285, Counterclaim Plaintiff TiVo is entitled to recover its reasonable attorneys' fees expended in this action.

WHEREFORE, Counterclaim Plaintiff TiVo respectfully prays that this Court enter judgment in its favor and award the following relief against Counterclaim Defendant Garnet:

A. Declare that the Counterclaim Plaintiff TiVo has not infringed and is not infringing upon any of the claims of U.S. Patent No. 5,379, 421;

B. Declare that the claims of U.S. Patent No. 5,379, 421 are invalid and/or unenforceable and of no force or effect;

C. Permanently enjoin Counterclaim Defendant Garnet and its agents, servants, employees, and any and all persons in active concert or participation with any of them, from asserting, stating, implying, or suggesting that Counterclaim Plaintiff TiVo and/or any of its

respective officers, directors, agents, servants, employees, subsidiaries, or customers infringe upon any of the claims of U.S. Patent No. 5,379, 421;

D. Award Counterclaim Plaintiff TiVo its costs and reasonable attorneys' fees incurred in connection with this action; and

E. Award and grant Counterclaim Plaintiff TiVo such other and further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY

Counterclaim Plaintiff TiVo respectfully requests that all issues triable by a jury be so tried in this case.

Respectfully submitted,

/s/ Sam Baxter
Sam Baxter
Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
104 E. Houston Street, Ste. 300
Marshall, Texas 75670
Telephone: (903) 923-9001
Facsimile: (903) 923-9099


Attorneys for Defendant,
TiVo, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 2nd day of December, 2013, a true and correct copy of the foregoing ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANT, TIVO, INC. was served on the attorneys for Plaintiff by first class mail, postage prepaid, addressed as follows:

S. Calvin Capshaw
Elizabeth L. DeRieux
D. Jeffrey Rambin
CAPSHAW DeRIUEX
114 E. Commerce Ave.
Gladewater, TX 75647

Matthew J. Antonelli (lead attorney)
Zachariah S. Harrington
Larry D. Thompson, Jr.
Kris Y. Teng
ANTONELLI, HARRINGTON & THOMPSON LLP
4200 Monroe Blved., Ste. 430
Houston, TX 77006

/s/ Sam Baxter